Nott, J.,
delivered the opinion of the court:
The claimant, Josiah Ogden, avers that, in 1798, John Fer-rers, whose administrator he is, kept an insurance office in the city of New York, in which he effected insurance for owner by means of what were then termed “ outdoor underwriters.” The petition of Mr. Ogden does not set up any claim of his decedent against France, but is filed on behalf of those underwriters who, through his agency, insured the brig Hiram.
*440 His counsel has insisted that Mr. Ferrers was the sole custodian of all the underwriters; that he kept their papers; that he preserved their evidence; that he and. his executors and administrators have kept watch for them, and are now employing counsel on their behalf; that he has filed his petition, as a matter of duty, in pursuance of the rule of this court (Rule 105); and that having done so on the suggestion of the court, it is the duty of the court to protect him. He also urges that the twelve underwriters, whom he thus represents upon a policy for $6,000, are not ordinary underwriters each for himself, but that their obligations were joint, or in solido, and hence that it is peculiarly fitting that their joint claims be prosecuted in one suit, which can most conveniently be done by the representative of their single and only agent.
Conversely the counsel of some of these underwriters protest against judgment being rendered in the name of the agent where their clients are entitled to the money, and insist that a recovery can only be in favor of the person authorized by statute to bring suit.
There are, indeed, four classes of underwriters represented or affected by this petition: (1) There are underwriters who are represented in no other way. (2) There are underwriters whose administrators have filed petitions in their own name and sought to recover in their own right. (3) There are underwriters who have filed motions to intervene within the jurisdictional period prescribed by the statute. (4) There are underwriters who have filed such motions, but not until after the jurisdictional period for bringing these suits had expired.
The cases differ somewhat from those which were considered in the cases of the ship Betsey (ante, p. 277), but the court adheres to the conclusions then reached, and for the reasons then given.
The rule which has been adverted to by counsel was framed to simplify and expedite practice and procedure. However expressed or however understood, it can not enlarge the scope of the statute, nor modify the conditions which are imposed upon the jurisdiction of the court. The agent of the underwriters had no claims of his own against the Government of France, and was possessed of no property, equity, interest, or lien in or upon the claims of his principals. It is not perceived that the fiduciary capacity with which he was invested by the under *441 writers descended to his executors, or was of such a continuing nature as to give him a footing in any court, much less a right to recover upon their claims without their consent. It must, therefore, be held that the present administrator has no valid claim on behalf, of John Ferrers, and that he is not the legal representative of any underwriter, nor entitled to maintain a suit on his behalf.
With regard to those underwriters who have come in by a motion to intervene, either before or since the expiration of the jurisdictional period, it must be held for the reasons likewise set forth in the opinion in the Betsey that they have a right to do so. The court prescribed a method by which a number of claims founded upon a single policy of insurance might be conveniently united in one suit. The administrator of Ferrers was under no obligation to begin that suit, and neither the underwriters nor the court could compel him to do so; but, having voluntarily done so and thereby invited parties with whom his principal haa confidential business relations to come into court in this way, and they having acted upon the faith of the invitation and under authority of the rule of the court, it would be needlessly unjust to deprive them of all right of action. It must, therefore, be held that the claims of these intervening underwriters will not be dismissed if properly presented by a supplementary petition filed either before or after the jurisdictional period.
In a number of these cases a novel question arises which was not fully discussed at the bar, but has received the serious attention of the court. It relates to the extent of the liability of France, and consequently to the extent of the recovery of the owners of the vessel and their insurers.
The Hiram was a brig of 100 tons measurement, and of about $5,000 value. If the case stopped with her capture that amount, with her freight earnings for the voyage, would measure- the liability of France; but it appears that she was bought in by her master for the benefit of her owners at the trifling sum of $640, which, with exchange and commissions, would be increased to about $800. On the one hand,- therefore, the loss which the owners suffered by the capture of their vessel was only about $800; and on the other hand the French Government might well say that the value of the vessel was only $640, in a case where the owners actually acquired her at that price.
*442 But the matter is farther complicated by the fact that two insurance offices paid five of the owners substantially the full amount for which they were insured, an amount which considerably exceeded the real loss. It would seem in such a case, where the owners were paid as for a total loss, that the recovered vessel properly went to the insurers; but, be that as it may, the court is of the opinion that the actual loss measures the extent of the liability, and that the indemnity must be restricted < to the money which was paid to recover the vessel plus the freight earnings of the voyage, and a reasonable sum in the nature of demurrage for the interval between capture and sale. It must, therefore, be held that the recovery of both the owners and insurers be restricted within this measure of damage.
In case No. 293 the administrator of Peter Chardon Brooks sets up one of the policies of insurance before spoken of, upon which one Nathaniel Fellowes was an underwriter to the amount of $1,000. The petition avers loss and payment and all the facts necessary to give Mr. Fellowes a good cause of action if he were actually living. It then demands, “ For and on account of the personal representatives of Nathaniel Fel-lowes, $931.”
On this presentation of the claim of the underwriter the counsel for the United States states the following objection :
“ That Nathaniel Fellowes and the personage, if any, created by letters of administration on his estate, having failed to avail themselves of the Act of January 20, 1805, are to be wholly disregarded by the court.”
For the reasons given in the case of the Betsey it must be held that on the one hand the administrator of Fellowes must come in by supplemental petition, properly alleging his administration ; but it must also be held on the other hand that the court should not wholly disregard a claim thus presented. This claim will therefore be remanded for further proceedings.
The order of the court is that the findings of the court in the following cases be transmitted to Congress:
In case 293, Charles Francis Adams, administrator of Brooks.
In case 1913, Henry W. Blagge et al., administrators of Hatch.
In case 515, the Insurance Company of the State of Pennsylvania.
*443 In case 2555, Eichard Delafield, administrator of Church and Delañeld.
In case 2908, the New Haven Insurance Company.
In case 4948 and 4078, Simon Tomlinson, administrator of Hull, Mansfield, and Liberty Kimberly; George Kimberly, administrator of Israel Kimberly; John F. Plumb, administrator of John and James Humphreys; Eichard O. Ambler, administrator of Jared Bartholemew; Samuel Wilmot, administrator of Daniel DeForrest.
In case No. 5142, Joseph Ogden, administrator of John Fer-rers.
In case No. 637, Harriet E. Sebor, administratrix of Sebor.
In case No. 3959, T. B. Bleecker, jr.„ei al., receivers of the New York Insurance Company.
And that the following claims be remanded for further proceedings :
In case 293, Nathaniel Fellowes.
In case 5142, Carlisle Pollock, Peter Elting, William Ogden.